**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CONNIE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>SOVEREIGN HEALTHCARE GROUP, LLC,<br><br>Defendant. | ) | No. 2:26-CV-04197-WJE |

# ORDER

Pending before the Court is Defendant Sovereign Healthcare Group, LLC's Motion to Dismiss and Motion to Strike.[1] (Doc. 11). Pro se Plaintiff, Connie Clark, has filed suggestions in opposition to the motion (Doc. 16), to which Sovereign Healthcare has filed a reply (Doc. 17). This matter is now ripe for consideration. For the reasons below, Sovereign Healthcare's Motion to Dismiss is **GRANTED IN PART** and **DEFERRED IN PART**. Sovereign Healthcare's Motion to Strike is **GRANTED**.

## I. Background

Ms. Clark began her employment with Sovereign Healthcare on April 28, 2025, as Director of Rehabilitation at Lakeview Health and Rehabilitation. (Doc. 1-2 at 1). Sovereign Healthcare granted Ms. Clark a 30-day family leave of absence beginning June 17, 2025. (*Id.*). Ms. Clark alleges that when she returned to work on July 22, 2025, her supervisor "acted hostile" and stated "I think we are the same age, are you still interested in your job, let us be transparent here, I used

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

to be the VP of a company, I'm not intimidating you, I will train you my way might like it to empower you." (Doc. 1 at 7). She also alleges that following these statements she was subjected to "rapid, fabricated allegations and severe mistreatment" and "unproven performance allegations." (*Id.*) Ms. Clark was terminated on August 4, 2025. (*Id.*) On August 6, 2025, Ms. Clark submitted a written rebuttal to Sovereign Healthcare's human resources specialist, challenging the basis for her termination. (*Id.,* Doc. 1-5).

Ms. Clark alleges that on April 28, 2026, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Human Rights Commission ("MHRC"). (*See* Doc. 1 at 4). Ms. Clark attached a Right to Sue Letter issued by the EEOC on May 27, 2026. (Doc. 1-1). Ms. Clark did not attach copies of the charges or a Right to Sue Letter from the MHRC. Ms. Clark also checked the box "no" as to whether she received a right to sue letter from the MHRC. (Doc. 1 at 4).

Ms. Clark alleges claims under the Age Discrimination in Employment Act ("ADEA"), and the Missouri Human Rights Act, ("MHRA"). Sovereign Healthcare raises several arguments for dismissal. (Doc. 12). First, Sovereign Healthcare argues that Ms. Clark's claims under the MHRA must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because she failed to timely file her MHRA charge. Second, Sovereign Healthcare asks that the Court strike Ms. Clark's request for punitive damages under Rule 12(f) because punitive damages are not available under the ADEA. Third, Sovereign Healthcare argues that Ms. Clark's ADEA claims must be dismissed under Rule 12(b)(6) because they fail to state a claim. Ms. Clark opposes Sovereign Healthcare's motion and asks the Court for leave to amend. (Doc. 16 at 5). The Court resolves the parties' arguments below.

## II. Discussion

Under Rule 12(b)(6), the Court must "accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor." *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In making this evaluation, the Court is limited to a review of the Complaint, exhibits attached to the Complaint, and materials necessarily embraced by the Complaint. *E.g., Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). The Court can also consider matters that are amenable to judicial notice. *E.g., Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015).

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). Sovereign Healthcare's jurisdictional arguments raise facial attacks because they are based solely on the Complaint's allegations related to the timeliness of her MHRA charge and do

not rely on material outside the pleadings. *See id.* Thus, the Court applies the same standard as under Rule 12(b)(6). *See Stalley v. Catholic Health Initiatives,* 509 F.3d 517, 521 (8th Cir. 2007).

**A. Request to Amend**

In her Suggestions in Opposition to the Motion to Dismiss, Ms. Clark requests leave to amend the Complaint. (Doc. 16 at 4-5). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision as to whether to grant leave to amend a complaint is "within the sound discretion of the district court." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 961 (8th Cir. 2023). A court abuses its discretion by denying leave to amend a complaint "unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Midwest Med. Sols., LLC v. Exatech U.S., Inc.*, 95 F.4th 604, 606-07 (8th Cir. 2024). Amendment is futile when "the claim it purports to create or supplement would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted." *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010); *Trademark Med., LLC v. Birchwood Labs., Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014).

Here, Ms. Clark asks the Court for leave to amend within the time she could have amended as a matter of course under Rule 15(a)(1)(B). Furthermore, Ms. Clark's opposition to the Motion to Dismiss includes additional allegations which were not in her original complaint along with her request to amend. The Court is by no means obligated to grant Ms. Clark's requests for leave to amend. *In re Novastar Fin. Sec. Litig.,* 579 F.3d 878, 884 (8th Cir. 2009) (finding that a district court properly denied a plaintiff leave to amend where the plaintiff asked for leave in a footnote and did not include a proposed amended complaint or the substance of the proposed amendment). However, the Court finds that amendment would serve the ends of justice. Fed. R. Civ. P. 15(a).

Because pro se filings are to be construed liberally, *e.g. Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010), and the specific factual allegations contained within Ms. Clark's request, the Court construes Ms. Clark's request as a Motion to Amend the Complaint.

Ms. Clark has not attached her proposed filing as required by Local Rule 15.1(a)(2). While pro se plaintiffs must follow the rules of procedure, Ms. Clark provided additional allegations such that the Court understands the changes Ms. Clark wishes to make to her Complaint. Thus, the Court waives the requirement imposed by the Local Rule. Therefore, because it does not appear frivolous, Ms. Clark's Motion to Amend is **GRANTED** and Ms. Clark is granted leave to file an amended complaint related to her ADEA claims.[2] Because Ms. Clark has been granted leave to file an amended complaint, the Court defers ruling on Sovereign Healthcare's Motion to Dismiss Ms. Clark's ADEA claims. However, for the reasons stated below, Ms. Clark may not amend as to her MHRA claims or request punitive damages under the ADEA. The failures in Ms. Clark's original complaint related to these issues cannot be remedied through amendment.

### B. Missouri Human Rights Act Claims

Sovereign Healthcare argues that Ms. Clark's MHRA claims are untimely under Missouri law and therefore must be dismissed under Rule 12(b)(1). Ms. Clark does not respond to this argument but rather argues that her EEOC charge was timely. Missouri statute requires that any person claiming to be aggrieved under the MHRA file a verified complaint with the Missouri Human Rights Commission ("MHRC") "within one hundred eighty days of the alleged act of discrimination" RSMO § 213.075.1. Failure to do so "shall deprive the [MHRC] of jurisdiction to investigate the complaint." In 2017, language was added to § 213.075.1 which specifies that the timely filing of an administrative charge of discrimination is "a jurisdictional condition precedent

[2] The Court's ruling should not be construed as a determination that an amended complaint will state a claim for relief.

to filing a civil action under this chapter." S.B. 43, 99th Gen. Assembly, 1st Sess. (2017); *see State ex rel. D&D Distributors, LLC v. Missouri Comm'n on Hum. Rts.*, 579 S.W.3d 318, 324 (Mo. Ct. App. 2019); *Yang v. Hometown Bank*, No. 6:22-CV-03253-MDH, 2023 WL 3486977, at *3 (W.D. Mo. May 16, 2023).

Here, Ms. Clark alleges the last discriminatory act was August 4, 2025, the date of her termination. (Doc. 1 at 5). Ms. Clark alleges she filed her administrative charge with the MHRC on April 28, 2026, 267 days later. (*Id.* at 4). Thus, by Ms. Clark's own allegations, she filed her MHRA charge 87 days late under Missouri law. Therefore, Ms. Clark's MHRA claims must be dismissed.

### C. Punitive Damages Request Under the Age Discrimination in Employment Act

Sovereign Healthcare asks that the Court strike Ms. Clark's request for punitive damages under Rule 12(f) because the ADEA does not permit punitive damages. Ms. Clark does not respond to Sovereign Healthcare's argument. Rule 12(f) provides that courts may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007).

The Eighth Circuit has explained that § 626(b) "contains two tiers of liability. It awards compensatory damages when an employer violates the [ADEA] and liquidated damages when that violation is willful." *Spencer v. Stuart Hall Co., Inc.*, 173 F.3d 1124, 1129 (8th Cir. 1999). "Liquidated damages serve as a deterrent to willful violations of the [ADEA], and while there is an aspect to such damages that is punitive in nature, they are not the equivalent of punitive damages." *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992) (internal citations omitted). "Punitive damages as such are not recoverable under the ADEA." *Id.*

Based on the foregoing Eighth Circuit precedent, the Court finds that Ms. Clark cannot recover punitive damages under the ADEA. *Id.* She may seek compensatory and liquidated damages, which are expressly provided for in § 626(b). Accordingly, the request for punitive damages under the ADEA is **STRUCK**.

## III. Conclusion

For the reasons stated above, Ms. Clark's Motion to Amend her Complaint, (Doc. 16), is **GRANTED.** Ms. Clark has until **December 15, 2026** to file her Amended Complaint related to her ADEA claims along with her EEOC charge. Should Ms. Clark fail to file an amended complaint by this date, the Court will consider Sovereign Healthcare's Motion to Dismiss Ms. Clark's ADEA claims as stated in the original complaint under Rule 12(b)(6).

IT IS, THEREFORE, ORDERED that Sovereign Healthcare's Motion to Dismiss Ms. Clark's ADEA claims under Rule 12(b)(6) is **DEFERRED.** Upon the filing of Ms. Clark's Amended Complaint the Court will moot Sovereign Healthcare's Motion.

IT IS FURTHER ORDERED that Sovereign Healthcare's Motion to Dismiss Ms. Clark's MHRA claims under Rule 12(b)(1) is **GRANTED.**

IT IS FURTHER ORDERED that Sovereign Healthcare's Motion to Stike Ms. Clark's request for punitive damages under the ADEA under Rule 12(f) is **GRANTED.**

Dated this 24th day of November, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge